IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BLAIR STANDISH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV225 |
| | § | |
| NISSAN NORTH AMERICA, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND AND DENYING AS MOOT MOTION TO STAY

Plaintiff Blair Standish has filed a Motion to Remand and for Attorney's Fees and Costs (Dkt. 9). Defendant Nissan North America, Inc. removed this action from the 366th Judicial District Court, Collin County, Texas. Removal was sought only on the basis of a federal question, Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et. seq*. ("MMWA"). Diversity jurisdiction was not raised as a grounds for removal. Standish contends that this Court does not have federal question jurisdiction. Standish points to her petition, which states that the only monetary relief sought is $50,000 or less, excluding court costs, prejudgment interest, and attorney's fees. *See* Dkt. 5. In fact, Plaintiff expressly waives any right to recover more than $50,000 under the MMWA.

Under the MMWA, this Court has no jurisdiction if the amount in controversy is **less** than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined. 15 U.S.C. § 2310(d)(3)(B). In order to determine if a case is properly in a federal forum, the court must look to the "plaintiff's well-pleaded complaint" to see if it raises a federal

question. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pled complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). The removing defendant bears the burden of establishing that federal jurisdiction actually exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguity in the pleadings should be resolved-in favor of remand. *Greer v. MAJR Fin. Corp.,* 105 F. Supp. 2d 583, 591 n.6 (S. D. Miss. 2000).

The Fifth Circuit has concluded that the amount in controversy for purposes of the MMWA does not include damages flowing from any pendent state law claim brought by a plaintiff. *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1069 (5th Cir. 1984). Moreover, the Fifth Circuit in *Boelens* noted that damages recoverable in MMWA actions do not include certain elements of damages, most notably personal injury damages, which are generally available in civil actions. *Id.* Attorneys fees are excluded from consideration. *Id.* However, damages for economic loss would be recoverable. Removal statutes must be strictly construed and doubts resolved against federal jurisdiction. *Id.* at 1067.

In this case, Plaintiff has expressly invoked federal jurisdiction. By pleading the sum of $50,000 or less, jurisdiction was invoked since $50,000 is sufficient to secure jurisdiction. The question then becomes whether Plaintiff's concession to seek no more than the jurisdictional amount suffices to warrant remand. The jurisdictional amount must be determined at the time of removal, and any post-petition affidavits are allowable only in limited circumstances. *Asociacion Nacional*

*de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993). Post-removal affidavits may be considered where the complaint "left the jurisdictional question ambiguous," since under the circumstances the court is still examining the jurisdictional facts. *Id.* at 565. Nevertheless, post-removal events cannot deprive the court of jurisdiction once it has attached. *Id.* Although Plaintiff may have desired to avoid a trip to federal court, her pleadings are the ticket. The Fifth Circuit has held that, as a general rule, where a plaintiff after removal, by stipulation, by affidavit, or by amendment to pleading, reduces the claim sought below the requisite jurisdictional amount, the court is not deprived of jurisdiction. *Marcel v. Pool*, 5 F.3d 81, 85 (5th Cir. 1993).

IT IS THEREFORE ORDERED that Plaintiff Blair Standish's Motion to Remand and for Attorney's Fees and Costs (Dkt. 9) is DENIED. Because the motion to remand is denied, Plaintiff's recently-filed Motion to Stay Proceedings (Dkt. 20) is DENIED as MOOT. The case shall proceed in this Court.

**SO ORDERED.**
**SIGNED this 17th day of October, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE